MOODY v. McFADDEN ET AL. .

1. Statute of Frauds: ORAL CONTRACT FOR SALE OF REAL ESTATE: SPECIFIC PERFORMANCE. Where the only contract for the sale of real estate was oral, and there was no attempt to reduce it to writing, and no performance in whole or in part on either side, *held* that it was within the statute of frauds, and could not be enforced.

*Appeal from Mahaska Circuit Court.*

THURSDAY, OCTOBER 23.

ACTION to reform a contract in relation to real estate, - and for specific performance. Both parties appeal.

*G. W. Lafferty*, for appellant.

*H. W. Gleason*, for appellee.

SEEVERS, J.—The defendant, McFadden, was the owner of certain real estate, which he, in writing, authorized certain brokers to sell for him, on named terms and conditions. The brokers commenced negotiations with the plaintiff, which resulted in McFadden's making a written proposition

to sell him the premises on certain terms. The plaintiff declined to purchase on such terms, or rather added to the writing certain conditions which McFadden refused to accept. He, however, in parol, made a proposition which the plaintiff in parol accepted. For reasons not necessary to be stated, McFadden afterwards refused to make the conveyance, and sold and conveyed the property to the defendant, Dickson. The plaintiff offered to perform the parol contract on his part. We do not understand that there is any difference between counsel as to the facts above stated.

The material question is whether the oral contract upon which the parties agreed should, or was intended to form a part of the preceding writings, and was omitted therefrom by mistake. Having carefully read the evidence, we reach the satisfactory conclusion that there is not a particle of evidence which tends to so show. The most that can be said is that the only contract entered into was oral, and it never was agreed that it should be reduced to writing, and no attempt was made to do so. It necessarily follows, as the contract relates to real estate, that the oral contract cannot be enforced.

REVERSED, on defendants' appeal.

· AFFIRMED, on plaintiff's appeal.